# IN THE SUPREME COURT OF THE STATE OF NEVADA

KARLA BARBER, INDIVIDUALLY, AND ON BEHALF OF SIMILARLY SITUATED INDIVIDUALS,
Appellant,
vs.
D. 2801 WESTWOOD, INC., A NEVADA DOMESTIC CORPORATION (D/B/A TREASURES GENTLEMEN'S CLUB AND STEAKHOUSE, A/K/A TREASURES LAS VEGAS); AND D. WESTWOOD, INC., A NEVADA DOMESTIC CORPORATION (D/B/A TREASURES GENTLEMEN'S CLUB AND STEAKHOUSE, A/K/A TREASURES LAS VEGAS),
Respondents.

No. 74183

FILED

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a summary judgment in a constitutional minimum wage action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

This appeal stems from appellant Karla Barber's work as an exotic dancer for respondent Treasures Gentlemen's Club and Steakhouse (Treasures) in Las Vegas, Nevada. On behalf of herself and the class of dancers she purported to represent, Barber filed a constitutional minimum wage class action against Treasures. Barber alleged that Treasures misclassified the dancers as independent contractors, thereby depriving them of their rights to minimum wage as employees under Nevada's Minimum Wage Act (MWA). *See* Nev. Const. art. 15, § 16. The district court denied Barber's motion for class certification and granted Treasures' motion for summary judgment. This appeal by Barber followed.

19-13833

Barber claims the district court erred in granting Treasures' motion for summary judgment. A district court's grant of summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence demonstrate that no genuine issue of material fact exists and "that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* General allegations and conclusory statements do not create genuine issues of fact. *Id.* at 731, 121 P.3d at 1030-31.

Barber argues the district court misapplied *Terry v. Sapphire Gentlemen's Club*, 130 Nev. 879, 336 P.3d 951 (2014). In *Terry*, we adopted the federal Fair Labor Standards Act's economic realities test for purposes of determining whether someone is an employee in Nevada. 130 Nev. at 888, 336 P.3d at 958. Under the economic realities test, the court looks to the totality of the circumstances and considers factors to determine whether a business relationship is one of employee-employer or principal-independent contractor. *Id.* at 888-89, 336 P.3d at 958. In *Terry*, this court found the following factors to be universally considered: (1) the degree of control that the alleged employer has over the alleged employee; (2) the opportunity for profit or loss enjoyed by the alleged employee; (3) the relative investment into the business of the alleged employee and alleged employer; (4) whether the work performed by the alleged employee requires a special skill; (5) the degree of permanence in the relationship between the parties; and (6) whether the work performed by the alleged employee is integral to the alleged employer's business. *Id.*

This case is different from *Terry*; most notably regarding the degree of control the dancers have in their work at Treasures. In contrast to the dancers in *Terry*, the dancers at Treasures do not have minimum shift hour requirements, need not request permission to depart early, can decline dance dollars, set their own prices, and receive a discount on their access fee when they opt-in to stage rotations, rather than a fee for opting out. Our review of the record supports the conclusion that the dancers at Treasures are independent contractors as a matter of law pursuant to *Terry*. Thus, we conclude that the district court did not err in granting Treasures' motion for summary judgment.[1]

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[1]Because we affirm the district court's grant of summary judgment under *Terry*, we need not reach the arguments related to NRS 608.0155 or consider whether the district court abused its discretion in denying Barber class certification.

cc: Hon. Ronald J. Israel, District Judge
Stephen E. Haberfeld, Settlement Judge
Bighorn Law
Rusing Lopez & Lizardi, PLLC
Fisher & Phillips LLP
Feldman & Feldman
Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A